## LUCINDA S. McCALEB v. ESTATE OF D. J. FLUKER.

Where a judgment was rendered on an act of mortgage in which it was stipulated that it was to secure the payment of the notes, *and any costs that may be incurred in collecting the same—Held :* That a receipt in full of the amount of the judgment, and consent that satisfaction of the judgment should be entered up, was a release from any obligation under the contract to reimburse money paid by the plaintiff to counsel in prosecuting the collection of the debt.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff,* J. *J. McVea* and *D. Y. Duncan,* for plaintiff and appellant. *D. C. Hardee,* for defendants.

BUCHANAN, J. The plaintiff sold the late *David J. Fluker,* a plantation and slaves in the parish of Ouachita, for twenty thousand dollars, of which six thousand cash, and the balance in two promissory notes. The vendee mortgaged the land and slaves thus sold, to secure the punctual payment of the notes, *and any costs that may be incurred in collecting the same.* The notes not being paid at maturity, were put in suit, and judgment obtained therefor.

Upon this judgment a writ of *fieri facias* was issued, upon which a receipt was endorsed, " in full of the amount due us on that decree, including principal, interest, Clerk of court and Sheriff's costs—the last installment of $7,000 and interest having been paid heretofore—and hereby consent that satisfaction in full be entered in the case." Signed by plaintiff, authorized by her husband.

The present action is brought for reimbursement of money paid by plaintiff to

the counsel employed by her in the District and Supreme Courts, in prosecuting the collection of this debt.

The administratrix of *Fluker* denies that the contract obliged the vendee to pay the fees of plaintiff's attorneys, and pleads the receipt and consent for entry of satisfaction of judgment above mentioned, in bar of plaintiff's demand.

We think the defendant has been released from the obligation of paying the charges now claimed, by the terms of the receipt and consent above mentioned; even on the supposition that the obligation previously existed.

The debt, of which the notes and the act of mortgage were the evidence, was merged in the judgment; and the judgment is acknowledged to have been satisfied in full. C. C. 2495; C. P. 156.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

VOORHIES, J., absent.